# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM LAMAC | : |
| Plaintiff, | : |
| v. | : 3:13-CV-1338 |
| | : (JUDGE MARIANI) |
| LESTER BUCHANAN, and | : |
| WESTFALL TOWNSHIP | : |
| Defendants. | : |

## MEMORANDUM OPINION

Presently before the Court is a Report and Recommendation ("R & R") by Magistrate Judge Carlson, in which the Magistrate Judge recommends granting in part and denying in part Defendants' Motion for Summary Judgment. (Doc. 92). The parties have both filed Objections to the R&R. (Docs. 94, 98). Upon *de novo* review of Magistrate Judge Carlson's R&R, the Court will overrule the parties Objections and adopt the R&R for the reasons that follow. The Court will first address Plaintiff's Objections to the R&R.[1]

First, Plaintiff objects to the Magistrate Judge's conclusion that Defendants' Motion for Summary Judgment should be granted with respect to Westfall Township on Plaintiff's federal claims. Second, and relatedly, Plaintiff objects to the conclusion that it has failed to

---

[1] The Court notes that Plaintiff failed to comply with this Court's Local Rules by filing its Objections and a brief in support as a single document totaling forty (40) pages. (Doc. 98). That document contains a section labeled "Brief" which runs from pages 9 through 40. These 31 pages are well in excess of the 15 page limit permitted under Local Rule 7.8. Plaintiff's counsel is admonished for such inexcusable failure, especially considering that many of the arguments he makes throughout such a lengthy brief are unnecessarily repetitive.

establish the prima facie requirements of a § 1983 claim against Defendant Westfall Township "in that the Magistrate failed to fully consider that Westfall Township ratified the conduct of Supervisor Buchannan . . . by the totality of its acts and omissions." (Doc. 98).

The Court concludes that the Magistrate Judge correctly determined that Plaintiff's § 1983 claim against Defendant Westfall Township fails as a matter of law. A review of the record reveals no municipal "policy" or "custom" that can be reasonably attributed to Defendant Westfall Township. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Nor has the Plaintiff identified any facts from which a reasonable finder of fact could conclude that the Defendant Westfall Township could be liable to Plaintiff pursuant to a failure to train theory of municipal liability. As the Supreme Court recognized in *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011), only "[i]n limited circumstances" may "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights [] rise to a level of official government policy for purposes of § 1983." *Id.* at 61. The Court agrees with the Magistrate Judge that Lamac's failure to train theory—that the township failed to train Supervisor Buchanan with respect to his responsibility to "refrain from assaulting people on the threshold to the township building during election days"—fails as a matter of law. (Doc. 92, at 19). The notion that a local government must train its elected officials to refrain from assaulting people on the threshold to the township building during election days defies common sense, in that it is or should be intuitively obvious that such conduct is

2

impermissible. See Parrish v. Ball, 594 F.3d 993, 999 (8th Cir. 2010) ("As in Andrews, where we found no patently obvious need to train an officer not to rape young women even in the face of actual knowledge of deviant behavior, we do not believe that there is a patently obvious need to train an officer not to sexually assault women, especially where there is no notice at all that such behavior is likely. An objectively reasonable officer would know that it is impermissible to touch a detainee's sexual organs by forcible compulsion.") (citing Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996)). Lamac has made no showing that this "isolated incident" reflected a failure to train amounting to "deliberate indifference" because he has failed to point to any assaults that have occurred in the past. Accordingly, and because deficient training only qualifies as deliberate indifference, "where the failure to train has caused a pattern of violations," Berg v. Cnty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000), the Court concludes that the isolated nature of the assault belies Lamac's claim of municipal liability on a failure to train theory.

The Magistrate Judge also correctly granted summary judgment in favor of Defendant Westfall Township on Lamac's § 1983 claim because there is no basis in the record to conclude that the township ratified the conduct of Defendant Buchanan "by the totality of its acts and omissions." (Doc. 98). Plaintiff's claim that the Magistrate Judge did not address his ratification argument is plainly contradicted by the R&R, where the Magistrate Judge found that:

> Lamac's proof of ratification by the township of Buchanan's assaultive behavior is also lacking. To be sure, it appears that some township officials may have voiced general

3

> support and sympathy for Buchanan in the course of his criminal proceedings for assaulting Lamac, but more is needed to demonstrate ratification. In this case, we find no evidence which suggests that the township, as a matter of municipal custom or policy, approved *both* of Buchanan's actions and ratified the allegedly improper unconstitutional basis for that action. *Ditzler v. Housing Auth. of Nanticoke*, No. CA 3:14-70, 2016 WL 1089154, at *6 (M.D. Pa. Mar. 21, 2016). *See Gilette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992). Instead, the township as an institution allowed the criminal justice process to move forward, a process that concluded with the dismissal of state charges brought against Buchanan by Lamac.
>
> Moreover, while the township approved the retention of counsel to represent Buchanan in the criminal case, this action standing alone does not equate to ratification of Buchanan's underlying conduct. *See Gilette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992). Indeed, oftentimes agencies will have legal, contractual, or policy reasons for retaining counsel to represent agency personnel. Such actions do not necessarily imply an endorsement of the employee's actions and in the absence of such proof that the township affirmatively ratified Buchanan's conduct, this ratification claim fails and the township is entitled to be dismissed from this lawsuit.

(Doc. 92, at 20-21).

After reviewing the record, the Court agrees with the Magistrate Judge. Although it is true, as Lamac notes, that the R&R does not explicitly address its argument that the township ratified Buchanan's acts by "proffering false exculpatory testimony about the width of the sidewalk through leading questions of the Township Supervisor," (Doc. 98, at 1), Lamac's conclusory and speculative statements that the "solicitor knew from walking over the walkway for years in the course of his representation," that "the sidewalk was not 3 ½ feet wide as testified by Buchanan but rather was nearly 7 feet wide" does not create a genuine issue of material fact precluding summary judgment on its *Monell* claims against Defendant Westfall Township. *See Lexington Ins. Co. v. Western Pennsylvania Hosp.*, 423 F.3d 318, 333 (3d Cir. 2005) ("Speculation does not create a genuine issue of fact.")

4

(internal citation and quotation marks omitted). Nor does Lamac's citation to *Matthews v. Runco's Tavern & Grill*, No. 3:10-CV-01215, 2013 WL 4004972 (M.D. Pa. Aug. 5, 2013), help his case. That case, unlike the instant matter, neither addresses municipal liability, nor does it address ratification. Considering the totality of the township's alleged acts and omissions subsequent to the attack by Buchanan, and viewing the evidence in the light most favorable to Plaintiff, the Court finds there is no basis from which a reasonable finder of fact could conclude that the township ratified Buchanan's assault such that it may be liable under § 1983. Therefore, the Court concludes that the Magistrate Judge correctly granted summary judgment to Defendant Westfall Township on Plaintiff's § 1983 claims and thus Plaintiff's Objections to the R&R will be overruled.

The Court will now address Defendants' Objections to the R&R. First, Defendants "object to the conclusion that the elements of the First Amendment Retaliation Claim are clearly satisfied by Lamac with respect to his alleged assailant." (Doc. 94, at 1). The Court finds that the Magistrate Judge applied the correct legal standard and correctly determined that Plaintiff has proffered sufficient evidence on each element of the claim such that Defendants' Motion for Summary Judgment with respect to Defendant Buchanan should be denied. In order to state a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must demonstrate "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and

(3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

As the Magistrate Judge correctly determined, Lamac's conduct, "election campaigning," or "checking public election results," is protected activity under the First Amendment. *See Bell v. Lackawanna Cnty.*, 892 F. Supp. 2d 647, 655 (M.D. Pa. 2012); *accord Young v. Kisenwether*, 902 F. Supp. 2d 548, 555 (M.D. Pa. 2012). Defendant fails to cite to a single case in support of its argument that "checking the vote count after an election is over" is not protected First Amendment activity, and the Court is aware of none.[2]

The Magistrate Judge also correctly concluded, in construing the evidence in the light most favorable to Lamac, that the evidence permits an inference that Lamac was retaliated against in a way that was "sufficient to deter a person or ordinary firmness from exercising his constitutional rights." *Thomas*, 463 F.3d at 296. It is undisputed that assaulting a person can constitute an act of retaliation sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *See Barrington v. New York*, 806 F. Supp. 2d 730 (S.D.N.Y. 2011) (assault constitutes act of retaliation); *accord Medina v. Black*, Case No. 3:15-cv-1371 (VLB), 2016 WL 386030 (D. Conn. Feb. 1, 2016). Although Defendants' make unsupported and conclusory assertions (without any citations to the record) that "[t]here is

---

[2] Even assuming, as Defendant argues, that "Plaintiff is not complaining that he was assaulted because he was campaigning . . . but rather, he claims that the action of Buchanan was taken in retaliation for every view he had expressed in the prior years pertaining to the business of Westfall Township that was contrary to the opinions and views of Buchanan and his allies," such conduct would still qualify as protected activity under the First Amendment. *See Romig v. Boehm*, Civil Action No. 12-3204, 2015 WL 1185991, at *4 (E.D. Pa. Mar. 16, 2015) ("Certainly, the Constitution protects criticizing government officials.").

6

no evidence in this case that either Lamac or Buchanan understood the incident to be in retaliation for Lamac's election campaigning," (Doc. 95, at 9), Defendants plainly admit that "[a]nyone must concede that physical assault in retaliation for election campaigning . . . could deter a person of ordinary firmness from further campaigning." (*Id.* at 8-9). This issue is clearly a factual dispute appropriate for resolution by a jury, not on summary judgment.

The Court further finds that the Magistrate Judge correctly determined that sufficient evidence exists from which a reasonable finder of fact could conclude that there was a causal link between the exercise of Plaintiff's constitutional rights and the adverse action taken by the defendant. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Construing the evidence in the light most favorable to the Plaintiff, the Court agrees with that Magistrate Judge that a reasonable finder of fact could conclude that there was a causal connection between Lamac's protected activity and the retaliatory conduct. Lamac, a campaign manager for two of Defendant Buchanan's alleged political rivals, was physically assaulted by Buchanan, a township supervisor, on election day on the grounds of the township building as he engaged in constitutionally protected activity—checking public

7

election results.[3] As the Magistrate Judge correctly found, the causation standard "has been amply met" in this case, as "it is difficult to imagine a more direct spatial and temporal relationship between constitutionally protected activity and retaliatory behavior than that presented in this case." (Doc. 92, at 12).

In sum, the Court finds that Defendants' Objections to the Magistrate Judge's conclusions with respect Plaintiff's to First Amendment retaliation claim lack merit and therefore will be overruled.

Defendants next object to the Magistrate Judge's findings that Defendant Buchanan was acting under color of state law because, at the time of the incident, he was performing official duties of a township supervisor. The Magistrate Judge found that Plaintiff sufficiently demonstrated that Defendant Buchanan was "acting under color of state law" at the time of the alleged assault because Buchanan was performing an official township supervisor duty

---

[3] Defendant Buchanan also objects to the Magistrate Judge's findings of fact that he was a political rival of Lamac, that Lamac was his political opponent, and that Lamac was managing the campaigns of two rival candidates for Township Supervisor. After reviewing the deposition testimony submitted along with the Defendants' Motion for Summary Judgment, the Court finds that this finding of fact is appropriate. Lamac testified that he was a campaign manager for Kenny and Cotterill, who were running a coordinated campaign, and campaigning to break up the Police Commission. Mr. Buchanan was a former police officer and former commissioner of the Eastern Pike Regional Police Department. (Doc. 83-7, at 28-30); (Doc. 82-3, at 40-42). Lamac also testified that, over the years, he has taken positions with which Defendant Buchanan has had contrary views. The testimony of Lamac, Buchanan, and Lawrence Flansburg also demonstrate that Buchanan was a political ally of Mr. Fisher, and that Mr. Lamac opposed the re-election of Mr. Fisher's wife for Magistrate and put up a large sign advocating her defeat for re-election on the day of the incident. (Doc. 83-3, at 75-77); (Doc. 83-7, at 33-38); (Doc. 83-6, at 14-17). The Court concludes that this testimony is sufficient to infer that Lamac was a political rival and opponent of Buchanan and was managing the campaign of two rival candidates for Township Supervisor. And, in any event, even if Lamac was not a political rival or opponent of Buchanan, and was not managing the campaign of "two rival candidates" for Township Supervisor, the Court would still find it appropriate to deny Defendant Buchanan's Motion for Summary Judgment.

in going to the township building to lock the door for the night when the alleged assault occurred. The Court agrees with the Magistrate Judge.

In addition to satisfying the elements of a First Amendment retaliation claim, Lamac must also demonstrate that the conduct complained of was committed by an individual "acting under color of state law" (*i.e.*, a state actor). It is well-settled that "state employment is generally sufficient to render the defendant a state actor." *West v. Atkins*, 487 U.S. 42, 50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (internal citation and quotation marks omitted). However, it is equally true that not all torts committed by state employees constitute state action, even if those torts on committed while on duty. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 24 (3d Cir. 1997); *see also Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150 (3d Cir. 1995) ("An otherwise private tort is not committed under color of state law simply because the tortfeasor is an employee of the state.").

Here, it is undisputed that, as township supervisor, Defendant Buchanan had a set of keys to the municipal building and on the night of the incident he received a call to go lock up the township building, which he did. It is also undisputed that while he was performing this duty, he encountered Lamac outside the township building, and an altercation ensured (which Lamac claims was in retaliation for the exercise of his First Amendment rights). Defendants' assertion that "Buchanan's chance interaction with Lamac was unconnected with his ministerial duty of locking the door that evening," (Doc. 95, at 3), is conclusory and belied by the facts in the record that such tasks were part of Buchanan's official duty as

9

township supervisor. Accordingly, the Court will overrule Defendants' objection to the Magistrate Judge's findings that, at the time of the incident, Defendant was acting under color of state law.

Finally, Defendants object to the Magistrate Judge's refusal to dismiss the state law claims against both Defendant Buchanan and against Defendant Westfall Township. Specifically, it is Defendants' position that, as part of its Motion for Summary Judgment, it sought dismissal of Lamac's state law assault and battery claims, and that the Magistrate Judge "failed to render a decision on the request to dismiss the state claims." (Doc. 95, at 14). Defendants' are incorrect. See R&R at 22-23 ("Here, Lamac's *Monell* claim fails against the defendant Westfall Township. Therefore, the Court should decline pendent jurisdiction over any state law tort claims brought against the township. However, Lamac's First Amendment retaliation claim against defendant Buchanan survives summary judgment. Accordingly, the Court should exercise supplemental jurisdiction over any related state common law tort claims brought against Buchanan by Lamac."). Although perhaps the Magistrate Judge's language could have been clearer, the Magistrate Judge upheld the state law assault and battery claims against Defendant Buchanan but dismissed the claims against Defendant Westfall Township. The Court finds no error in the Magistrate Judge's decision, and Defendants point to no case law establishing that this ruling was in error. Whether Defendant Buchanan possessed the requisite intent to commit assault and battery

...

is clearly an issue of fact for the jury and inappropriate to resolve on summary judgment.[4]

Accordingly, the Court will overrule Defendants' objections.

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Carlson, (Doc. 92), will be adopted and Defendants' Motion for Summary Judgment will be granted in part and denied in part. A separate order follows.

Robert D. Mariani
United States District Judge

---

[4] To the extent that the Magistrate Judge only declined to exercise supplemental jurisdiction over Lamac's state law assault and battery claims against the Defendant Westfall Township, rather than dismissing those claims outright, the Court finds that Lamac's state law claims against the township should have been dismissed outright. Under Pennsylvania law, "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act or the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. The acts Lamac complains of—assault and battery—are intentional torts for which the Defendant Westfall Township cannot be held liable under Pennsylvania law. *See Weaver v. Franklin Cnty.*, 918 A.2d 194 (Pa. Cmwlth. 2007) (local government agencies are immune from intentional tort claims under Pennsylvania law).

In addition, to the extent that Lamac objects to the dismissal of his state law claims against Defendant Westfall Township, (Doc. 98, at 40), the Court finds his objection without merit.